

FILED
CLERK, U.S. DISTRICT COURT

JAN 29 2025

CENTRAL DISTRICT OF CALIFORNIA
BY          AE          DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID WILLIAM PLATEK,<br><br>Defendant. | Case No. 24-MJ-7536<br><br>ORDER OF DETENTION |

I.

On January 24, 2025, Defendant David William Platek made his initial appearance on the Complaint filed in this case. Deputy Federal Public Defender James Threatt was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney ("AUSA") Thi Ho. At Defendant's request, a detention hearing was continued to January 29, 2025 and held on that date. The government was represented by AUSA Sophia Carillo.

☐    On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒    On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of

1  the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also

2  considered the reports and recommendation prepared by United States Probation

3  and Pretrial Services dated January 29, 2025, January 24, 2025 and the report

4  prepared on January 7, 2025, at Defendant's initial appearance in the Western

5  District of Missouri (Springfield). [1]

6

7                                      IV.

8        The Court bases its conclusions on the following:

9        As to risk of non-appearance:

10       ☒       Lack of community ties to the Western District of Missouri where

11  Defendant has resided for the past 10 months and the Central District of California,

12  including lack of family ties to either district.

13       ☒       History of foreign travel, including recent travel to and residence in

14  Ukraine and Romania

15

16  _____

17       [1] At the time of his initial appearance in the Western District of Missouri, Defendant
    waived his right to an identity and detention hearing and requested a detention hearing in the
    charging district. Defendant was ordered removed to the Central District of California.

18       At the outset of the hearing, Defendant argued that the government was not entitled to a
    detention hearing based on danger to the community under 18 U.S.C. § 3142(f)(1), noting that

19  the government's request for detention was only based on a serious risk of flight. (Dkt. No. 6 at
    4). The government argued that it was seeking pretrial detention under 18 U.S.C. §3142(e)

20  because no condition or combination of conditions will reasonably assure the appearance of the
    defendant and the safety of any other person and the community. A detention hearing shall be

21  held in a case that involves a crime of violence or a serious risk that such person will flee under
    Section 3142(f)(1) (A), 2(A).  A "crime of violence" is defined by the Bail Reform Act as either

22  "an offense that has as an element, the use, attempted use, or threatened use of physical force
    against the person or property of another" or "any other offense that is a felony and that, by its

23  nature, involves a substantial risk that physical force against the person or property of another
    may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(A), (B). Here, the

24  offense charged, 18 U.S.C. § 875(c), threat by interstate commerce, requires proof that the
    defendant transmitted, in interstate or foreign commerce, a threat to injure the person of another.

25  Elonis v. United States, 575 U.S. 723, 732, 740 (2015). It therefore qualifies as a crime of
    violence under § 3156(a)(4)(A) and entitles the government to a detention hearing under §

26  3142(f)(1)(A).  The government is also entitled to a detention hearing in a case that involves a
    serious risk of flight under § 3142(f)(2)(A).  As set forth in this detention order, the government

27  has proffered facts from which the Court can infer that pretrial release of Defendant poses both a
    serious risk of flight and a danger to other persons and the community.

28

                                      2

1  ☒      Mental Health concerns detailed in Pretrial Services Report; and

2  substance abuse history

3  ☒      Defendant is alleged to have transmitted, in interstate commerce,

4  detailed and explicit threats to injure and kill an elected official ("victim"),

5  apparently in retaliation for a matter in which the Defendant was previously

6  charged with identity theft and the subsequent dismissal of the charges.

7  Defendant's communications detailed plans to commit a mass casualty event such

8  as a school shooting, or suicide bombing, and Defendant claimed that he had the

9  ammunition to carry out his threats and only needed to rent a truck to drive to

10  California in order to carry out his plans.

11

12      As to danger to the community:

13  ☒      Seriousness of allegations in the complaint (see above) involving

14  detailed and explicit death threats targeting the victim,[2] including in front of the

15  victim's children, a plan to kill the students at the school attended by the victim's

16  children, a plan to perpetrate mass killings through the use of explosives, a plan to

17  obtain the material for the explosives, and a favorable comparison of himself to the

18  Uvalde shooter and Luigi Mangione.

19  ☒      Mental Health concerns detailed in Pretrial Services Report,

20  threatening communications include Defendant's admissions that he has been

21  homicidal for one year and suicidal for three years, almost shot somebody because

22  he was angry,  cannot trust himself and his purpose is to kill as many people as

23  possible, including innocent community members.

24  ☒      Defendant discussed the ability to scrub his devices to evade detection

25  and changed his location to make it appear that he was in the Central District of

26  California closer profile to indicate that he was in California.

---

27  [2] Although these communications were sent to a third party recipient, the government
contended that Defendant also sent a threat directly to the victim. See Complaint at ¶¶ 6, 22.

28

3

V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: January 29, 2025                                /s/
                                            ALKA SAGAR
                            UNITED STATES MAGISTRATE JUDGE

4